STEVEN MITNICK, ESQ., SM0556
MITNICK & MALZBERG, P. C.
P. O. Box 429
Frenchtown, New Jersey 08825
(908) 996-3716
*Counsel to Chapter 7 Trustee*

_____

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | UNITED STATES BANKRUPTCY COURT |
| P&K EQUITY GROUP, INC. | : | DISTRICT OF NEW JERSEY |
| | : | |
| Debtor. | : | |
| | : | Chapter 11 |
| _____ | : | |
| PEGGY E. STALFORD, CHAPTER 7 TRUSTEE OF THE | : | |
| DEBTOR ESTATE OF P&K EQUITY GROUP, INC., | : | Case No. 11-13077/MBK |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. |
| | : | |
| POINT PLEASANT DISTRIBUTORS, INC., | : | |
| | : | **COMPLAINT** |
| Defendant. | : | |

_____

PEGGY E. STALFORD, Chapter 7 Trustee of the Debtor Estate of P&K Equity Group, Inc.. (the "Plaintiff"), by counsel Mitnick & Malzberg, P.C., as and for its complaint against POINT PLEASANT DISTRIBUTORS, INC.(hereinafter "The Defendant"), respectfully alleges the following:

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1409.  This is a "core proceeding" as defined by 28 U.S.C. 157, 1334.

## BACKGROUND AND PARTIES

1.  On February 3, 2011 (the "Petition Date"), P&K Equity Group, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2.  On or about September 7, 2011, this case was converted to a Chapter 7 proceeding.

3.  On September 7, 2011, Peggy E. Stalford was appointed to serve as the interim Chapter 7 Trustee.

4.  Upon information and belief, The Defendant is a corporation or entity who transacted business in the United States with the Debtor and who received one or more payments/transfers from the Debtor.

5.  During the period on or within ninety (90) days before the Petition Date (the "Preference Period"), the Debtor issued and authorized payment to certain of its creditors, by check, wire transfer, or otherwise.

**COUNT ONE**

6.  The Defendant(s), POINT PLEASANT DISTRIBUTORS, INC., is believed to be a business entity who received preferences within the meaning of 11 U.S.C. Section 547.

7.  The Debtor made certain payments ( hereinafter "Payments") totaling $7,113.09 to or for the benefit of Defendant, POINT PLEASANT DISTRIBUTORS, INC., on account of antecedent debts.

8.  The conveyance of said Payments by the Debtor within the three month period preceding the commencement of its Bankruptcy, when the Debtor was insolvent, enabled POINT PLEASANT DISTRIBUTORS, INC., to receive more than it would have received (i) as a creditor under Chapter 7 of Title 11 of the United States Bankruptcy Code, (ii) if the transfer had not been made, and (iii) if the said Defendant received payment of the debt to the extent provided by said Title 11.

9.  The conveyance of said Payments to Defendant, POINT PLEASANT DISTRIBUTORS, INC., was in violation of Section 547 of the Bankruptcy Code, and thus the Plaintiff is entitled to avoid the transfer and receive compensation from Defendant, POINT PLEASANT DISTRIBUTORS, INC., in the total amount of $7,113.09.

10. The Defendant, POINT PLEASANT DISTRIBUTORS, INC., is the initial transferee of the Payments made by the Debtor, as described above, and such is liable to the Plaintiff for the aforesaid $7,113.09 amount, pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE,** the Plaintiff demands relief as follows:

A.  The avoidance of the Payments to Defendant, POINT PLEASANT DISTRIBUTORS, INC., as a "Preference" and the recovery of damages in the amount of $7,113.09;

B.  The entry of judgment, in favor of the Plaintiff and against the Defendant, POINT PLEASANT DISTRIBUTORS, INC., in the amount of $7,113.09;

C.  Attorney's fees, costs of suit and all interest, and

D.  Such other and further relief as the Court may deem just and equitable.

MITNICK & MALZBERG, P. C.

Dated: April 13, 2012

/s/ Steven Mitnick
STEVEN MITNICK, ESQ.
*Counsel to Peggy E. Stalford, Chapter 7 Trustee*